IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| WILLIAM S. RELYEA, | ) | Civil No. 07-878-JE |
| | ) | |
| Plaintiff, | ) | FINDINGS AND |
| | ) | RECOMMENDATION |
| v. | ) | |
| | ) | |
| QUILITE INTERNATIONAL, LLC, | ) | |
| a California LLC, and RICHARD | ) | |
| KOTTER, personal representative | ) | |
| of the Estate of Rodman Kotter, | ) | |
| et al, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |
| | ) | |
| QUILITE INTERNATIONAL, LLC, | ) | |
| | ) | |
| Counter Claimant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| WILLIAM S. RELYEA, | ) | |
| | ) | |
| Counter Defendant. | ) | |
| _____ | ) | |

FINDINGS AND RECOMMENDATION - 1

David P. Smith
Attorney at Law
1672 Willamette Falls Drive. Suite D
West Linn, OR 97068
      Attorney for Plaintiff/Counter Defendant

William L. Ghiorso
687 Court Street, N.E.
Salem, OR 97301
      Attorney for Defendant/Counter Claimant Quilite

Richard Kotter
c/o Law Office of Daniel K. Printz
5631 Palmer Way, Suite C
Carlsbad, CA 92010
      Defendant Pro Se

JELDERKS, Magistrate Judge:

Plaintiff William Relyea brings this action alleging breach of contract against defendants Quilite International, LLC (Quilite); Richard Kotter, personal representative of the estate of Rodman Kotter; and 10 Doe defendants. Plaintiff seeks an order requiring defendant Quilite to reimburse him in the amount of $3,761.14 for the costs of service of process and the attorney fees incurred in bringing this motion. The motion should be granted in part, with defendant Quilite required to pay costs in the amount of $3,596.14.

## BACKGROUND

Plaintiff has filed a declaration of its counsel and related supporting documents, which defendant Quilite has not disputed. These materials, which are accepted as true for the purposes of analyzing plaintiff's motion for reimbursement, establish the following facts.

Plaintiff filed this action on June 13, 2007. On June 19, 2007, plaintiff's counsel sent defendant Rodman Kotter, as an individually named defendant, and as the Registered Agent

FINDINGS AND RECOMMENDATION - 2

for defendant Quilite, copies of the Complaint, the Civil Case Assignment Order issued by the court, a Notice of Lawsuit and Request for Waiver of Service of Summons, and a Waiver of Summons.  Plaintiff's counsel requested that Rodman Kotter sign and return the documents within 30 days.  Plaintiff's counsel copied Brian M. Daucher, defendant Quilite's former counsel, on these documents.

In August, 2007, having received no response, plaintiff's counsel hired a licensed process server to serve defendants.  The process server made several attempts to effect service at various addresses provided by plaintiff's counsel.  Plaintiff's counsel examined the California Secretary of State's information concerning defendant Quilite repeatedly throughout 2007, and observed that this information showed no changes of address, and continued to list Rodman Kotter as Quilite's registered agent.

After several attempts to effect service, a building manager informed a Transerv agent attempting to serve defendants that Rodman Kotter had died.  Neither defendant Quilite nor Quilite's counsel who had been representing Quilite in the arbitration of a dispute between plaintiff and Quilite ever informed plaintiff or his counsel that Rodman Kotter had died.

In September, 2007, William Ghiroso, Quilite's counsel, informed plaintiff's counsel that he would be representing defendant Quilite.  In a letter dated September 28, 2007, plaintiff's counsel asked Mr. Ghiroso to confirm in writing that he was representing defendant Quilite, and informed Mr. Ghiroso that he would provide copies of the summons, complaint, and an acceptance of service form after he had received that confirmation.  Mr. Ghiroso did not provide a written response or return telephone calls plaintiff's counsel

FINDINGS AND RECOMMENDATION - 3

subsequently placed in an attempt to confirm that Mr. Ghiroso was representing defendant Quilite.

In January, 2008, plaintiff's counsel filed a first amended complaint, and had new summons issued for defendant Quilite and Richard Kotter, personal representative of the estate of Rodman Kotter.  Personal service was made upon Richard Kotter on February 18, 2008.

On February 20, 2008, Mr. Ghiroso informed plaintiff's counsel that he had been retained by defendant Quilite.  Plaintiff's counsel again wrote a confirming letter asking Mr. Ghiroso to provide written confirmation that he was representing defendant Quilite.  Plaintiff's counsel sent another letter, dated February 29, 2008, after he had received no response.  In that letter, plaintiff's counsel stated that plaintiff was forced to incur the expense of service by publication, and that plaintiff would seek to recover the costs of service incurred.

In an Order dated March 7, 2008, this court granted plaintiff's motion to serve defendant Quilite by publication and registered mail.  Pursuant to that Order, plaintiff's counsel completed service on defendant Quilite by publishing a notification of this action in the Los Angeles Times and by a registered mailing.

In a letter to Mr. Ghiroso dated September 5, 2008, plaintiff's counsel stated that defendant Quilite had failed to execute waivers of summons and complaint and had "completely ignored our attempts to serve via a waiver, and later attempts at personal service."  Plaintiff's counsel added that, pursuant to Fed. R. Civ. P. 4(2), defendant Quilite was "responsible for both the expenses incurred in making service, as well as any reasonable expenses, including attorney fees, of any motion necessary to collect the service expenses."

FINDINGS AND RECOMMENDATION - 4

Plaintiff's counsel asked Mr. Ghiroso to confirm that defendant Quilite would pay the costs

of service, and stated that he would file a motion with the court seeking an Order requiring

Quilite to pay those costs and any related attorney fees incurred in filing such a motion if he

had not received that written confirmation by September 10, 2008.

In a letter to Mr. Ghiroso dated October 8, 2008, plaintiff's counsel stated that,

"[g]iven that your client blatantly avoided service, the costs associated with serving Quilite

grew given the significant measures taken to effect proper service on your client."  Plaintiff's

counsel asked Mr. Ghiroso to submit to defendant Quilite an attached itemization of costs for

which plaintiff sought reimbursement, and to determine whether defendant Quilite agreed to

pay that amount.  The attached material specified service costs and expenses, including

related attorney fees, in the amount of $2,761.14.  Plaintiff's counsel has not received any

communication from Mr. Ghiroso regarding defendant Quilite's willingness to pay these

costs.  In its present motion, plaintiff seeks recovery of that amount, plus the attorney fees

incurred in preparing the motion, which are estimated at $1,000.00

## DISCUSSION

Federal Rule of Civil Procedure 4(d)(2) provides that:

If a defendant located within the United States fails, without good cause,
to sign and return a waiver requested by a plaintiff located within the
United States, the court must impose on the defendant:

(A)  the expenses later incurred in making service; and

(B)  the reasonable expenses, including attorney's fees, of
      a motion required to collect those service expenses.

FINDINGS AND RECOMMENDATION - 5

A plaintiff who incurs costs because of a defendant's refusal to waive service is not required to prevail in the litigation in order to recover costs.  Darulis v. Garate, 401 F.3d 1060, 1064 (9th Cir. 2005).

The material plaintiff has submitted in support of his motion to recover costs establishes that plaintiff provided defendant Quilite with the notice and documents that would have allowed it to avoid the costs of service, and requested waiver of service as specified in Fed. R. Civ. P. 4(d).  Defendant Quilite was provided a form allowing it to waive service, and was provided ample time in which to return a signed waiver.  The material before the court establishes that plaintiff was required to hire a process server, that defendant Quilite failed to provide timely waiver of service even after it had retained counsel who had been asked to provide such waiver, and that plaintiff was required to incur the additional costs and attorney fees required to effect service by publication.

The unrebutted material submitted by plaintiff  establishes that defendant Quilite failed to comply with repeated requests for a waiver of service, and supports the conclusion that the amount of costs and related attorney fees requested is, with exception of the costs of attempting to serve Richard Kotter and Rodman Kotter noted below, reasonable and appropriate.  Defendant Quilite has submitted no opposition to the motion, and accordingly has failed to show good cause for its failure to comply with plaintiff's request for waiver of service.  I note that plaintiff has included in the costs it seeks to recover here a $75.00 charge for attempted service on Richard Kotter and a $90.00 charge for attempted service on Rodman Kotter.  Plaintiff has not shown why defendant Quilite should be responsible for the costs of attempting to serve these defendants, and my recommendation that plaintiff recover

FINDINGS AND RECOMMENDATION - 6

service costs and related attorney fees in the amount of $3,596.14 reflects a deduction of those amounts.

## CONCLUSION

Plaintiff Relyea's motion to recover service costs (# 36) should be GRANTED IN PART, and plaintiff should recover costs from defendant Quilite in the amount of $3,596.14.

## SCHEDULING ORDER

The above Findings and Recommendation are referred to a United States District Judge for review.  Objections, if any, are due January 16, 2009.  If no objections are filed, review of the Findings and Recommendation will go under advisement on that date.

A party may respond to another party's objections within 10 days after service of a copy of the objection.  If objections are filed, review of the Findings and Recommendation will go under advisement upon receipt of the response, or the latest date for filing a response.

DATED this 31st day of December, 2008.


/s/  John Jelderks
John Jelderks
U.S. Magistrate Judge

FINDINGS AND RECOMMENDATION - 7