FILED'09 MAY 12 10:34USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| WILLIAM S. RELYEA, | ) | Civil No. 07-878-JE |
| | ) | |
| Plaintiff, | ) | FINDINGS AND |
| | ) | RECOMMENDATION/ |
| v. | ) | ORDER |
| | ) | |
| QUILITE INTERNATIONAL, LLC, a California LLC, and RICHARD KOTTER, personal representative of the Estate of Rodman Kotter, et al, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |
| QUILITE INTERNATIONAL, LLC, a California LLC, | ) ) ) | |
| Counter Claimant, | ) ) | |
| v. | ) ) | |
| WILLIAM S. RELYEA, | ) ) | |
| Counter Defendant. | ) ) | |

FINDINGS AND RECOMMENDATION/ORDER - 1

David P. Smith
Mead Smith PC
1672 Willamette Falls Drive. Suite D
West Linn, OR 97068
    Attorneys for Plaintiff/Counter Defendant

William L. Ghiorso
687 Court Street, N.E.
Salem, OR 97301
    Attorney for Defendant/Counter Claimant Quilite

Richard Kotter
c/o Law Office of Daniel K. Printz
5631 Palmer Way, Suite C
Carlsbad, CA 92010
    Defendant Pro Se

JELDERKS, Magistrate Judge:

Plaintiff William Relyea brings this action alleging breach of contract against defendants Quilite International, LLC (Quilite); Richard Kotter, personal representative of the estate of Rodman Kotter, and 10 doe defendants. Plaintiff now moves to compel the production of documents from defendant Quilite, and seeks recovery of the attorney fees incurred in bringing the motion. I grant the motion to compel, and recommend granting the request to recover attorney fees.

## Discussion

### 1. Motion to Compel Production of Documents

Plaintiff filed this action on June 13, 2007. After significant delays caused by difficulties in serving defendants and litigation of motions to dismiss for lack of jurisdiction, the court entered a scheduling order on November 6, 2008. That Order provided that discovery would close on March 13, 2009.

FINDINGS AND RECOMMENDATION/ORDER - 2

According to the unrebutted declaration of David Smith, plaintiff's attorney, a Request for Production of Documents was served on defendant Quilite on November 12, 2008. Smith states that, having received no response to that request, on December 29, 2008, he mailed a letter to defendant Quilite's attorney stating that plaintiff would move to compel production of the requested material if Quilite did not respond by January 5, 2008.

Defendant Quilite has not responded to plaintiff's Request for Production of Documents, responded to plaintiff's counsel's correspondence concerning the request, or responded to the pending motion to compel production of documents. In the absence of any argument that plaintiff is not entitled to the requested documents, or that their production would be unduly onerous, I grant the motion to compel.

2. Request to Recover Costs of Bringing Motion to Compel

After allowing the party whose conduct has necessitated the filing of a motion to compel an opportunity to be heard, a court granting a motion to compel ordinarily must award the moving party the costs, including attorney fees, reasonably incurred in bringing the motion. Fed. R. Civ. P. 37(a)(5). These costs are not awarded if: 1) the moving party sought to compel discovery before attempting in good faith to obtain it without the court's assistance; 2) the nondisclosure was substantially justified; or 3) if other circumstances make an award of expenses unjust. Id.

Defendant Quilite has had an opportunity to be heard, and none of the exceptions set out in Rule 37(a)(5) apply. Therefore, plaintiff is entitled to recover the cost of obtaining the order compelling defendant Quilite's production of the documents requested.

FINDINGS AND RECOMMENDATION/ORDER - 3

Plaintiff's counsel has submitted an unrebutted declaration stating that he has devoted approximately three hours to obtaining the court's order compelling discovery, and that his billing rate is $230 per hour. The amount of time devoted to this task and the hourly rate both appear reasonable, and plaintiff should be awarded expenses in the amount of $690.

## Conclusion

Plaintiff's motion to compel the production of documents (# 41-1) is GRANTED. Plaintiff's request to recover the costs of obtaining this Order (# 41-2) should be GRANTED, and an order should be entered requiring defendant Quilite to pay plaintiff Relyea expenses in the amount of $690.

## Scheduling Order

The above Findings and Recommendation are referred to a United States District Judge for review. Objections, if any, are due May 28, 2009. If no objections are filed, review of the Findings and Recommendation will go under advisement on that date.

A party may respond to another party's objections within 10 days after service of a copy of the objection. If objections are filed, review of the Findings and Recommendation will go under advisement upon receipt of the response, or the latest date for filing a response.

DATED this 12th day of May, 2009.

_____
John Jelderks
U.S. Magistrate Judge

FINDINGS AND RECOMMENDATION/ORDER - 4